Court composed of COOKS, AMY and PICKETT, Judges.
JjPICKETT, Judge.
Plaintiff Clarence D. Lewis appeals the judgment of the trial court sustaining an exception of prescription brought by the Calcasieu Parish Sheriffs Office and an exception of no cause of action filed by the State of Louisiana.

FACTS

Lewis filed this action alleging damages resulting from the loss of his assignment in the prison commissary and the loss of his trustee status on May 28, 1997. Lewis filed suit on September 11,1998, appearing in proper person. His filings with the district court include several disciplinary matters handled by the prison staff, concerns about his visitation privileges, and concerns about the amount of money de *347 ducted from his account, in addition to the lost commissary assignment and lost trustee status. Named in the suit as defendants were the Calcasieu Parish Correctional Center, three guards at the prison, and the State of Louisiana. The Calcasieu Parish Sheriffs Office, appearing for the Calcasieu Parish Correctional Facility and the three named guards, filed an exception of nonconformity and vagueness and ambiguity, as well as an exception of prescription. The State filed an exception of no cause of action, based on La.R.S. 42:1441 et seq. A hearing on the exceptions was held, at which Lewis was not in attendance pursuant to the trial court judge’s per curiam order. The state waived its appearance and the Sheriffs Office made an appearance but did not submit any oral argument. The trial court overruled the sheriffs exceptions of nonconformity and vagueness and ambiguity, but sustained the exception of prescription and the state’s exception of no cause of action.

^DISCUSSION

The plaintiffs claims were clearly prescribed by the time he brought his suit, unless the theory of contra non valen-tem applies. The burden is on the plaintiff to prove that contra non valentem should apply in this case. Touchet v. Baker Hughes, Inc. 98-749 (La.App. 3 Cir. 2/3/99); 737 So.2d 821. The four categories of contra non are (1) the courts are closed; (2) there is a condition in a contract, such as arbitration or administrative proceedings, preventing the creditor from suing or acting; (3) the debtor has done some act to prevent the creditor from acting; and (4) the plaintiffs cause of action is not known or reasonably knowable by the plaintiff. FRANK L. Maeaist and Thomas C. Galligan, Louisiana ToRT Law 222 (1996). No evidence was- introduced to indicate that any of these categories apply. Thus, the trial court was correct in finding that the plaintiffs claim had prescribed.
The trial court was also correct in finding that the state is immune from the suit brought by the plaintiff. By statute, the State of Louisiana is not liable for the actions of employees of local political subdivisions. See La.R.S. 42:1441 et seq. Section 1441 provides in pertinent part:
A. The State of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court or public officer of a political subdivision.
This statute clearly applies, since the alleged misconduct was perpetrated by employees of the Calcasieu Parish Sheriff. The trial court correctly sustained the exception of no cause of action.
|sFor the reasons assigned, the judgment of the trial court is affirmed.

AFFIRMED.